IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

AUG 1 8 2014

CLERK, US DISTRICT COURT

THOMAS EDWARD STARKS, JR.,

Petitioner,

v.

Criminal Action No.
2:12cr169
Civil Action No. 2:13cv435

UNITED STATES of AMERICA,

Respondent.

## OPINION AND ORDER

This motion is before the Court on Petitioner Thomas Edward Starks, Jr.'s ("Petitioner" or "Starks") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), Doc. 30. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court **FINDS** that an evidentiary hearing is not necessary. 28 U.S.C. § 2255(b). For the reasons stated herein, the Court **DENIES** Petitioner's Motion.

### I. Background

On October 11, 2012, a Criminal Complaint was filed against Petitioner, alleging that Petitioner violated 21 U.S.C. § 841(a)(1). Doc. 1. On November 9, 2012, a one (1) count Indictment was filed, charging Petitioner with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). Doc. 11. On January 2, 2013, Petitioner pleaded guilty to the Indictment. Doc. 17. The Statement of Facts filed in open court, and signed by Petitioner, attributed 35.8 grams of cocaine to Starks. Doc. 18.

Prior to sentencing, the Probation Officer ("P.O.") filed a Presentence Investigation Report ("PSR") outlining Petitioner's offense conduct. Doc. 20. The P.O.'s independent investigation found additional relevant offense conduct, and attributed Petitioner with 198.45 grams of cocaine.[1] Id. at 4; Doc. 30 at 4.  Factoring in a three-level reduction for acceptance of responsibility, Petitioner's offense level was 15, and with a criminal history category of IV, the Guidelines recommended a sentence of 30-37 months.

Petitioner initially objected to the drug amount. Doc. 22. Petitioner brought forth two arguments: (1) that it was based on unreliable hearsay and (2) that Petitioner did not admit to making the seven purchases. Id. at 2. Thus, Petitioner asked the Court to find that the appropriate offense level be reduced to 11, resulting in a Guideline range of 18-24 months. However, prior to the sentencing hearing, Petitioner's counsel contacted chambers and withdrew the objection.

Petitioner appeared before the Court for his sentencing hearing on April 9, 2013. Doc. 27. At the hearing, Petitioner's counsel stated to the Court that the objection to the drug amount was being withdrawn. Petitioner was sworn, and stated that he found the PSR to accurately state his offense conduct and that the Sentencing Guidelines were properly applied to the facts of his case. The only evidence that Petitioner submitted at the sentencing hearing were character reference letters. The Court adopted the PSR, and sentenced Petitioner to a term of thirty-six (36) months imprisonment, a three (3) year term of supervised release, and a $100 special assessment. Doc. 28.

---

[1] In a meeting with a Portsmouth Detective, Petitioner admitted to "dealing" with a guy on seven or eight occasions, and purchasing an ounce of cocaine each time. Doc. 20 at 4. He then spoke with a case agent, and stated that he would "purchase two ounces at a time for $1,600 an ounce." Id.

Petitioner did not appeal his sentence. On August 5, 2013, Petitioner filed the instant Motion. Doc. 30. Petitioner asserts two grounds in his Motion: (1) ineffective assistance of trial counsel in not objecting to the sentence enhancements based on the P.O.'s independent investigation and (2) an abuse of discretion by the trial court in sentencing him to thirty-six months based on the additional drug weight. Id.

## II. Legal Standard

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "'inherently result[] in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his "sentence was imposed in violation of the Constitution or laws of the United States," (2) that the Court was without jurisdiction to impose such a sentence, (3) "that the sentence was in excess of the maximum authorized by law," or (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). A petitioner bears the burden of proving his grounds for collateral review of his sentence by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925–26 (4th Cir. 2000); see also 28 U.S.C. § 2255(b).[2]

---

[2] In this case, it is clear that Petitioner is not entitled to relief.

3

### III. Analysis

a. **Ineffective Assistance of Counsel**

Petitioner's first ground to attack his conviction is the alleged ineffective assistance of counsel in failing to assert the Apprendi line of cases, including the recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), in failing to object to the increased drug weight.[3]

To make a successful claim of ineffective assistance of counsel, Petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong requires that Petitioner "'show that counsel's representation fell below an objective standard of reasonableness.'" Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland, 466 U.S. at 688). Petitioner's counsel is entitled to a "'strong presumption'" that his strategy and tactics fell "'within the wide range of reasonable professional assistance.'" United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (quoting Strickland, 466 U.S. at 689). The objectiveness of counsel's assistance is based on counsel's perspective at the time of the alleged error and in light of all the circumstances, under a "highly deferential" standard. Roane, 378 F.3d at 404–05 (quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

The second prong of the Strickland test requires that Petitioner demonstrate prejudice by showing "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bacon, 225 F.3d at 478 (quoting Strickland, 466 U.S. at 694). This requires that Petitioner show a "'probability sufficient to undermine confidence in the outcome.'" Roane, 378 F.3d at 405 (quoting Strickland, 466 U.S. at 694). Petitioner's failure to

---

[3] Although Petitioner in his Motion contends counsel failed to object, it appears he is arguing counsel was ineffective in withdrawing the objection to the increased drug weight.

satisfy either of the two prongs renders it unnecessary to consider the other prong. <u>Roane</u>, 378 F.3d at 404.

In this case, Petitioner cannot meet the first prong of the <u>Strickland</u> test. First, <u>Alleyne</u> was decided on June 17, 2013, <u>after</u> his sentencing hearing. Petitioner cannot argue his counsel was ineffective in failing to assert a point of law that did not exist at the time counsel could have made a proper objection.[4]

Second, <u>Alleyne</u> does not apply to Petitioner's conduct. <u>Alleyne</u> applies to facts that increase the mandatory minimum sentence. <u>Alleyne</u>, 133 S. Ct. at 2155. It does not apply to enhancements under the advisory Guidelines that do not raise the mandatory minimum sentence. <u>United States v. Mason</u>, 547 F. App'x 235, 236–37 (4th Cir. 2013) (citing <u>Alleyne</u>, 133 S. Ct. at 2163). In this case, no mandatory minimum sentence applied, and thus his rights under <u>Alleyne</u> could not have been violated. Thus, Petitioner's counsel was not ineffective.

**b. Abuse of Discretion**

For the second ground of his Motion, Petitioner alleges that the Court abused its discretion in using the drug weight found in the PSR. Petitioner again cites the <u>Apprendi</u> line of cases, including <u>Alleyne</u>. However, <u>Alleyne</u> has not been made retroactive on collateral review. <u>United States v. Stewart</u>, 540 F. App'x 171, 172 (4th Cir. 2013); <u>Ogun v. United States</u>, No. 4:12cr4, 2014 WL 3545209, at *9 (E.D. Va. July 16, 2014); <u>see</u> <u>also</u>  <u>United States v. Sanders</u>, 247 F.3d 139, 151 (4th Cir. 2001) (declining to hold <u>Apprendi</u> was retroactive).

---

[4] Furthermore, while Plaintiff cites to the <u>Apprendi</u> line of cases, the Fourth Circuit had held that <u>Harris v. United States</u>, 536 U.S. 545, 556 (2002), foreclosed Alleyne's argument that the district court erred in making a finding of fact increasing the mandatory minimum. <u>United States v. Alleyne</u>, 457 F. App'x 348, 350 (4th Cir. 2011). Thus, Petitioner's counsel was not ineffective by failing to argue a point of law that had been rejected by the Fourth Circuit.

It appears Petitioner modeled his "abuse of discretion" argument from <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007), which held that the Courts of Appeals are to review a district court's sentence for abuse of discretion, whether inside or outside the advisory guidelines. The Supreme Court instructed the Courts of Appeals to consider any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequate explain the chosen sentence[.]" <u>Id.</u> If the sentence is procedurally sound, then the sentence is reviewed under an abuse-of-discretion standard. <u>Id.</u> However, an error under <u>Gall</u> should have been brought on direct appeal. Because Petitioner did not appeal his sentence, this claim cannot be raised on collateral review unless Petitioner shows cause and prejudice. <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003).

Even if Petitioner could show cause to excuse his default, he suffered no prejudice because the Court did not err in using the increased drug weights in this case.[5] The additional drug weights revealed by Petitioner's statements were consistent with the definition of relevant conduct found at U.S.S.G. § 1B1.3(a)(2). Moreover, on the record, the Court considered the § 3553(a) factors. Thus, the Court did not abuse its discretion in sentencing Petitioner within the advisory sentencing guidelines.

### IV. Conclusion

For the above stated reasons, the Court **DENIES** Petitioner's Motion, Doc. 30.

---

[5] In his Motion, Petitioner makes no showing of cause, merely stating that his Motion "is the first opportunity to present ANY grounds for challenging my illegal sentence." Doc. 30 at 9. While this is true for an ineffective assistance of counsel claim, Petitioner offers no facts to even allow the Court to consider whether he had adequate cause to fail to assert his <u>Gall</u> claims on direct appeal.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is also **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.  To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 14, 2014

7